Filed 12/4/15  P. v. Hill CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>TONY LEE HILL,<br><br>  Defendant and Appellant. | B263135<br><br>(Los Angeles County<br>Super. Ct. No. YA078617) |

APPEAL from a order of the Superior Court of Los Angeles County, William C. Ryan,  Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant Tony Lee Hill appeals from an order dismissing his petition to recall his sentence and for resentencing under Proposition 36, the Three Strikes Reform Act of 2012. (Pen. Code, § 1170.126.)[1] The order is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

Following a jury trial, defendant was convicted of second degree robbery and found to have suffered nine prior serious or violent felony convictions or juvenile adjudications. (§§ 211, 667, subd. (b)-(i), 1170.12, subds. (a)-(d).) He received a state prison sentence of 25 years to life. He appealed from the judgment of conviction, which this court affirmed in 2013. (*People v. Hill* (Nov. 4, 2013, B243919) [nonpub. opn.].)

In November 2012, the voters adopted Proposition 36, which amended the Three Strikes law by limiting the imposition of an indeterminate life sentence to those defendants whose third felony is defined as serious or violent under sections 667.5 or 1192.7. The initiative allowed those serving a life sentence for a third felony that is not defined by those sections as serious or violent to petition for a recall of sentence and request resentencing. (§ 1170.126, subd. (b).)

Defendant filed a petition to recall his sentence and for resentencing in September 2013. The trial court found him ineligible for resentencing because robbery is defined as a violent felony by subdivision (c)(9) of section 667.5. His petition was dismissed with prejudice, and this appeal followed.

Defendant's attorney filed a *Wende*[2] brief, stating that he had thoroughly reviewed the record to determine whether it contained any arguable issues. We issued a letter directing counsel to send the record and a copy of the opening brief to defendant, and inviting defendant to submit a supplemental brief or letter. Defendant filed a supplemental brief, which we have read and considered.

---

[1] All further undesignated statutory references are to the Penal Code.

[2] *People v. Wende* (1979) 25 Cal.3d 436.

**DISCUSSION**

In his supplemental brief, defendant provides four documents that do not appear in the record on appeal: (1) a "Supplemental Petition for Recall of Sentence and Re-Sentencing Pursuant to Penal Code § 1170.126 (Memorandum of Points and Authorities) Miscarriage of Justice"; (2) a "Declaration of Indigency"; (3) a "Request for Copying Service . . ."; and (4) a declaration of proof of service. Defendant claims that he mailed these documents from Wasco State Prison to the superior court on March 12, 2014, the documents were never returned to him, and he does not know why they were omitted from the record on appeal. Significantly, he does not state that these documents were filed or lodged in the superior court.

Although an appellate court may augment the record with documents that were filed or lodged in the case in superior court (Cal. Rules of Court, rule 8.155(a)(1)(A)), augmentation is inappropriate where, as here, there is no evidence that the documents were filed or lodged in the superior court. In anticipation of a claim of ineffective assistance of counsel, we note that our independent review of the documents revealed nothing that arguably would have led to a more favorable result.

The supplemental brief raises many arguments, but none that refutes the trial court's dispositive ruling that robbery is defined as a violent felony by subdivision (c)(9) of section 667.5. Because that determination is correct as a matter of law, defendant is incapable of establishing error.

Having reviewed the record and materials supplied by defendant, we are satisfied that counsel has fully complied with his responsibilities and that no arguable appellate issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

## DISPOSITION

The order is affirmed.

**TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EPSTEIN, P. J.

We concur:


WILLHITE, J.


MANELLA, J.

4